Filed 9/2/16  P. v. Bontemps CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE,<br><br>　　　Plaintiff and Respondent,<br><br>　　v.<br><br>GREGORY BONTEMPS,<br><br>　　　Defendant and Appellant. | C079187<br><br>(Super. Ct. No. 08F06199) |

Defendant Gregory Bontemps appeals from the trial court's denial of his seventh petition for resentencing pursuant to Penal Code section 1170.126.[1]  He contends the trial court erred in failing to separately evaluate each of his three convictions for eligibility for resentencing.  We affirm the trial court's orders.

---

[1]  Undesignated statutory references are to the Penal Code.

1

## BACKGROUND

In July 2008, Charlene and defendant, her then husband, got into an argument about her son, Anthony. Over the next few hours, Charlene and defendant both drank alcohol and continued to argue. After Charlene fell asleep, defendant woke her by grabbing her by the hair, pulling her into a sitting position, and saying, "Bitch, make me some dinner." Charlene fought back and defendant swung her down toward the ground and punched her in the back and in the nose. Blood gushed out of her nose covering her hands and face and spreading to her clothing, the sheets, the bedroom and bathroom floors, furniture, and the walls.

While her nose was still bleeding, defendant told her several times he would kill her. He also said if she called the police, she would be "done before they hit the corner." He told her if she called her son, he would kill her son as well. These threats frightened Charlene because of defendant's "violent criminal past." Accordingly, she did not immediately call the police or her son.

Defendant made Charlene clean the blood off herself, the floors, and the sheets. After she cleaned up her blood, defendant told her to lie down, which she did because she remained afraid of defendant because of his "violent criminal past." Eventually, she fell asleep. The following morning, when defendant left the house and went to the store, Charlene called 911 and defendant's parole agent to report the previous evening's assault. Then she called her son.

The police took Charlene's statement and photographs of her injuries. She had bruises on her leg and back, a contusion and swelling to her nose, a cut lip, and a sore head. Defendant was arrested away from the home.

Subsequently, Charlene visited defendant in jail, deposited money into his jail account, and wrote him letters. In those letters she told him she still cared for him, but was moving his things out of the home. Charlene acknowledged that while defendant

2

was in jail, she cashed some of his worker's compensation checks and not all of the money went to defendant.

Charlene underwent domestic violence counseling, during which defendant wrote her letters trying to persuade her to drop the case, stay away from court, and make herself unavailable. He assured her "it" would never happen again. Defendant also enlisted his mother's aid in attempting to convince Charlene to drop the charges against him.

Defendant sent Charlene numerous letters, including one in which he apologized for what had happened between them. Defendant called Charlene from jail up to 20 times a day, until she obtained a restraining order. In January 2009, Charlene filed for divorce and the divorce was finalized in September or October 2009.

Defendant was convicted of spousal abuse (§ 273.5, subd. (a)), making criminal threats (§ 422), and intimidating a witness (§ 136.1, subd. (b)(1)). The trial court sustained two strike allegations and sentenced defendant to 25 years to life, imposing the term for the criminal threats conviction, while staying the 25-year-to-life terms on the other two counts pursuant to section 654. A panel of this court affirmed defendant's conviction in an unpublished opinion on March 2, 2012.

On November 20, 2012, defendant filed a petition for habeas corpus that contained a request for relief pursuant to section 1170.126. The trial court denied the petition and request on January 22, 2013. Defendant filed a notice of appeal for the order on December 3, 2013. Since the notice was late, the superior court marked it as received but not filed.

On January 30, 2013, defendant filed another habeas petition that again sought section 1170.126 resentencing. The trial court construed part of the petition as a section 1170.126 petition, and denied the entire petition on March 25, 2013.

Defendant filed a section 1170.126 resentencing petition on November 14, 2013. The trial court denied that petition on December 11, 2013. On December 4, 2014, four habeas petitions filed by defendant were transferred to the trial court because the petitions

3

sought relief pursuant to section 1170.126. The trial court construed the habeas petitions as section 1170.126 petitions and denied them on December 15, 2014.

Defendant filed a section 1170.18 petition for resentencing on December 24, 2014. The trial court denied the petition on January 2, 2015.

The trial court received defendant's eighth section 1170.126 request for relief on April 6,, 2015. The trial court denied it on April 7, 2015, finding defendant was ineligible for resentencing on all counts because his criminal threats conviction was a serious felony and because he inflicted great bodily injury on his victim as part of a single course of continuous conduct encompassing all three of his offenses.

Defendant filed a notice of appeal from the April 7, 2015, denial on April 20, 2015.

**DISCUSSION**

Defendant contends that the trial court's finding that he was ineligible for resentencing on the spousal abuse and witness intimidation counts was erroneous because his criminal threats conviction did not render him ineligible as to those counts and the court's finding that he inflicted great bodily injury was incorrect.

Section 1170.126 allows certain defendants serving a life term for a third strike to petition for resentencing as to crimes that are not serious or violent felonies. (§ 1170.126, subds. (b), (e).) " 'Any person serving an indeterminate term of life imprisonment imposed pursuant to' the three strikes law may file a petition for a recall of his or her sentence within two years after the Act's effective date 'or at a later date upon a showing of good cause.' " (*People v. Yearwood* (2013) 213 Cal.App.4th 161, 170 (*Yearwood*), quoting § 1170.126, subd. (b).) Pendency of the appeal of the original conviction is good cause for a delay in filing the petition. (*Yearwood*, at p. 177.)

Section 1170.126 was enacted as part of Proposition 36. (*Yearwood, supra*, 213 Cal.App.4th at p. 167.) Proposition 36's effective date is November 7, 2012. (*People v. Johnson* (2015) 61 Cal.4th 674, 687.) The only matter before us is defendant's

4

last section 1170.126 petition, which the trial court received on April 6, 2015, about five months after the expiration of the two-year filing period.  Defendant did not establish good cause for the delay in his petition and does not attempt to do so on appeal.[2]  While the trial court did not rely on this reason for its denial, the Attorney General asserts it on appeal, and defendant did not address the matter in his opening brief and did not file a reply brief.

"In reviewing a trial court's decision, we review the result, not the reasoning.  A decision right in result will not be reversed because it is based on an erroneous theory. [Citation.]"  (*Florio v. Lau* (1998) 68 Cal.App.4th 637, 653.)  We therefore do not address the merits of defendant's contentions since the petition should have been denied as time barred.

**DISPOSITION**

The judgment (order) is affirmed.


                                        _____RAYE_____, P. J.


We concur:


_____MAURO_____, J.


_____HOCH_____, J.


_____

[2]  Since defendant's conviction was affirmed on March 2, 2012, the appeal in that case does not establish good cause for the delay in filing the section 1170.126 petition that is the subject of this appeal.